## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **AMARU MURA HASSAN BEY,** | ) | **CASE NO. 1:11 CV 1151** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **STATE OF OHIO, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Amaru Mura Hassan Bey filed the above captioned action under the Zodiac Constitution, the Universal Declaration of Human Rights, the United States Constitution, the Declaration of Independence, the Articles of Confederation, the International Religious Freedom Act, the Rights of Indigenous People, the Treaty of Peace and Friendship of 1836, 18 U.S.C. §§241, 242, 245, 872, 1001, 1091, 1201, 1621, and 1959, 42 U.S.C. §§ 1981 and 1983, and the Ohio Constitution. He names as Defendants the State of Ohio, the City of Willoughby Hills, the City of Willoughby, the Willoughby Hills Mayor's Court, the Willoughby Hills Municipal Court, Willoughby Hills Patrolman James Ours, Willoughby Hills Mayor's Court Magistrate Lawrence R. Hupertz, Willoughby Municipal Court Magistrate Harry Field, Willoughby Municipal Court Prosecutor Michael P Germano, and Willoughby Mayor's Court Prosecutor Todd Cipollo. In the Complaint, Plaintiff alleges he was unfairly convicted of speeding. He seeks enforcement of the "Divine Constitution and By-Laws of the Moorish Science Temple of America," the United States

Constitution, and the Treaty of Peace and Friendship. He requests that all unconstitutional orders and actions be dismissed and expunged from his record. He also demands monetary damages from each of the Defendants.

### Factual and Procedural Background

Plaintiff's Complaint contains very few factual allegations. He attaches a traffic ticket to his Complaint that provides some limited information. Plaintiff was stopped for speeding by Willoughby Hills Patrolman James Ours on February 11, 2011. The ticket indicates Plaintiff was traveling 82 mph in a 60 mph zone. He was also cited for failing to produce his driver's license. Although the ticket indicates that a personal appearance could be waived, Plaintiff appeared in Court on February 23, 2011. He refused to enter a plea and a plea of "not guilty" was entered by default. The matter was transferred to Willoughby Municipal Court. Plaintiff indicates he was found guilty by the Willoughby Municipal Court Judge and sentenced to ten days in jail.

The remainder of Plaintiff's Complaint is comprised solely of legal rhetoric. He states that Prosecutors Todd Cipollo and Michael Germano failed to answer his Writ of Discovery/Affidavit of Fact, which he contends "stands in truth in commerce and an automated default of judgment." ECF No. 1 at 3. He claims Magistrate Hupertz and Magistrate Field made rulings based on "outside influence" and passed *ex post facto* laws. He contends the Magistrates also practiced law from the bench. He states Magistrate Hupertz violated his Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendment rights. He contends Magistrate Field enforced foreign policies and deprived him of natural rights secured by the United States Constitution. He claims Mr. Germano violated his Fifth and Sixth Amendment rights. Plaintiff asserts 22 causes of action, including violations of 18 U.S.C. §§241 (conspiracy against civil rights), 242 (deprivation of civil rights), 245 (infliction of

emotional distress), 872 (extortion), 1001 (fraud and false statements), 1091(genocide), 1201 (kidnaping), 1621 (perjury), and 1959 (RICO), 42 U.S.C. § 1981 and 1983, dereliction of duty, Universal Declaration of Human Rights Violations, violation of the oath of office, conspiracy to defraud, obstruction of justice, violation of the Ohio Constitution, embezzlement, unfounded accusations of officers of the court, and false arrest.

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### Discussion

**I.    No Private Right of Action**

As an initial matter, the majority of Plaintiff's claims rest on authority which either is not recognized by this federal court, or does not provide a private cause of action in a civil case. He relies on the Zodiac Constitution and the By-Laws of the Moorish Science Temple. While these documents may be of great personal importance to Plaintiff, they are not recognized by United States federal courts as binding legal authority. *See Asim El v. Riverside Maintentance Corp.*, No. 95 Civ. 1204, 1998 WL 205304, at * 2 (S.D.N.Y. Apr. 27, 1998); *Bey v. Philadelphia Passport Agency-M*, Civ. A. No. 86-4906, 1986 WL 559, at *2 (E.D.Pa. Dec. 30, 1986). Article III of the United States Constitution provides this Court with federal question jurisdiction to hear claims that arise under the United States Constitution or the laws or treaties of the United States. The Zodiac Constitution and the By-Laws of the Moorish Science Temple do not fall within these parameters.

In addition, the Treaty of Peace and Friendship and the International Religious Freedom Act, do not provide a private cause of action in a civil case. See *Vuaai El v. Mortgage Electronic Registry System*, No. 08-14190, 2009 WL 2705819, at n.11 (E.D.Mich. Aug. 24, 2009). The Treaty

-4-

of Peace and Friendship as cited by Plaintiff appears to govern relationships between Moroccan citizens and United States citizens. Although Plaintiff claims to be a descendent of the Moors, he also alleges he was born in the United States. There is no indication that he has Moroccan citizenship. Moreover, the Treaty as cited does not provide grounds for private parties to file civil actions. Plaintiff therefore cannot rely on the Treaty as the basis to assert claims against other United States citizens or government officials. The International Religious Freedom Act, 22 U.S.C.A. § 6401, authorizes government tracking of and intervention in cases of religious persecution abroad. It does not address Plaintiff's ability to disobey traffic laws and contains no provision for a private cause of action against United States government officials.

Plaintiff also asserts claims under 18 U.S.C. §§ 18 U.S.C. §§241 (conspiracy against civil rights), 242 (deprivation of civil rights), 245 (infliction of emotional distress), 872 (extortion), 1001 (fraud and false statements), 1091(genocide), 1201 (kidnaping), 1621 (perjury), and 1959 (RICO). These are criminal statutes and provide no cause of action to civil plaintiffs. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003). To the extent Plaintiff is attempting to bring criminal charges against the Defendants, he cannot proceed. Criminal actions in the Federal Courts are initiated by the United States Attorney, not by private plaintiffs. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

## II.    42 U.S.C. § 1981

The only authority cited by Plaintiff to support federal jurisdiction is pursuant to 42 U.S.C. §§ 1981 and 1983. Plaintiff, however, fails to successfully allege a claim under either of these statutes.

Title 42 U.S.C. § 1981 guarantees all persons within the jurisdiction of the United States,

regardless of race, the right to make and enforce contracts, the right to sue and be a party to a lawsuit, give evidence, to enjoy the full and equal benefit of laws for the security of property. To state a claim under this statute, Plaintiff must allege: (1) he is a member of a racial minority, (2) the defendants intended to discriminate against him on the basis of his race, and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Johnson v. Harrell*, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). While Plaintiff may be a member of a racial minority, he does not allege that the Defendants intended to discriminate against him because of his race, or that their actions prevented him from making or enforcing a contract, bringing a lawsuit, giving evidence, or any of the other activities enumerated in the statute. There are no factual allegations in his Complaint that address any of the elements of a cause of action under § 1981.

### III.    42 U.S.C. § 1983

Plaintiff also asserts claims for violations of the United States Constitution. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983.

Although 42 U.S.C. § 1983 provides a vehicle to assert his constitutional challenges, Plaintiff fails to state a claim upon which relief may be granted. Most, if not all, of his claims challenge his conviction and are not cognizable in a civil rights action. To the extent they could be construed as anything other than a challenge to his conviction, they are asserted against five

-6-

Defendants who are immune from suits for damages. Finally, Plaintiff fails to state any other viable claim against the five Defendants who are not entitled to absolute immunity.

### A. Challenges to Arrest and Conviction

While it is extraordinarily difficult to make sense of Plaintiff's disjointed pleading, it appears his constitutional claims challenge his arrest and conviction on charges of speeding, and failing to produce a driver's license. A person convicted of an offense may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether Plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). To assert violations of his Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendment rights to challenge his conviction, he would first have to demonstrate that his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so. Absent this information, claims of this nature cannot be asserted in a civil rights action.

### B. Immunity

In addition, five of the Defendants are immune from suits for damages. First, Plaintiff cannot bring an action for damages against the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and their agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Magistrate Hupertz and Magistrate Harry Field are also absolutely immune from suits for

-7-

damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judicial officers are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff contends the Judges issued orders which he believes to be based on "outside influence" and not impartial. ECF No. 1 at 3. If these allegations are true, Plaintiff's remedy is an appeal of his conviction. He does not have recourse against the judges for damages under 42 U.S.C. §1983.

Similarly, prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, No. 05-2458,

-8-

2006 WL 2661092, at *6-7. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002). In this instance, Plaintiff does not allege Michael Germano or Todd Cipollo engaged in conduct outside of the judicial phase of Plaintiff's prosecution. Consequently, these Defendants are entitled to absolute immunity.

### C.    Failure to State a Claim

To the extent Plaintiff intended to assert a claim that was not directly challenging his arrest or conviction, he failed to do so. Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), this obligation does not require the Court to conjure up unpled allegations. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). This Court is not required to create a claim for Plaintiff or to explore exhaustively all potential claims of a pro se plaintiff. *Beaudett*, 775 F.2d at 1278. This "would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Moreover, Plaintiff's failure to better identify a particular legal theory in his Complaint places

-9-

an unfair burden on the Defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. The Court has already given Plaintiff's disjointed assertions a very generous construction. The Court will not, however, speculate on other claims that could be asserted under the facts alleged in the pleading.

### Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 27, 2011

---

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-10-